## STATE *v.* JAMES PATTON.

As the jury in trying an indictment for murder have the power to find the prisoner guilty of manslaughter, it was pertinent and right for the Judge to instruct the jury in the law both of murder and manslaughter, notwithstanding his counsel chose to assert that the only issue for the jury to try was the sanity of the accused.

The judge did not err in refusing to allow the tardy motion for an inquisition of lunacy, there being no pretence that the prisoner had become insane since the trial, and the question of his sanity at that time having been fully considered and passed upon by the jury as a question of fact.

APPEAL from the First District Court of New Orleans, *Reynolds*, Judge of the Fourth District Court, presiding. *E. W. Moïse*, Attorney General, for the State, *A. P. Field* and *J. S. Whitaker*, for the accused.

SPOFFORD, J. The opinion we have formed upon the only questions presented by the record and cognizable by this court, render it unnecessary to consider the motion to dismiss the appeal.

Since the cause was remanded for the admission of evidence touching the asserted insanity of the accused, (10 An. 299,) there has been a new trial which resulted in a verdict of "guilty without capital punishment." The prisoner was sentenced to hard labor in the penitentiary for life.

There are but two bills of exceptions, neither of them appears to have been well taken.

The prisoner pleaded not guilty to an indictment for murder. Upon the issue thus joined, the jury had power to find the prisoner guilty of manslaughter. (Rev. Stat. 136, sec. 2.) It was, therefore, pertinent and right for the Judge to instruct the jury in the law both of murder and manslaughter, notwithstanding his counsel chose to assert that the only issue for the jury to try was the sanity of the accused.

Nor was there error in refusing to allow the tardy motion for an inquisition of lunacy, it appearing that there was no pretence that the prisoner had become insane since the trial, and the question of his sanity at that time having been fully considered and passed upon by the jury as a question of fact. The verdict of the jury is conclusive upon us as to all matters of fact embraced by it, and as there are no errors of law assigned, and the bills of exceptions were not well taken, the judgment of the District Court is affimed, with costs.