State vs. Frey.

No. 8674.

THE STATE OF LOUISIANA VS. GEORGE FREY, ALIAS FRITZ.

A motion in arrest of judgment is not the proper proceeding to reach a variance between allegation and proof said to exist in an information. Such a motion can be directed only against defects or intrinsic causes apparent on the face of the record, which vitiate the proceeding.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Jos. H. Spearing* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was prosecuted, first, for forgery; second, for publishing as true a certain false, altered, forged and counterfeited order for the delivery of goods, etc.   He was tried, found guity on the second count and sentenced to fourteen years at hard labor in the State penitentiary.

After verdict and before sentence he filed a motion in arrest of judgment, charging " that it appears and is so stated and alleged in the information herein, that the alleged order for delivery of goods purports to have been made and signed by one James F. Walsh, when in fact and in law said order purports to have been made and signed by one James M. Walsh; that the said variance is a matter of substance, and that said judgment should be arrested for other manifest defects in the record aforesaid appearing."

The District Judge properly overruled the motion.

The defect alleged, consisting in a variance between the allegation and the proof, discovered either during or after the trial, was not a matter of substance.   The law does not require the setting out of any

copy or *fac simile* of the *instrument*, or description of the same or value thereof, otherwise than by the name or designation by which the same may be usually known, or by the purport thereof. The reproduction of the instrument was mere surplusage.

The defect charged cannot be availed of by a motion in arrest of judgment, which can be made only when there exists some intrinsic error patent on the face of the record, which vitiates the proceeding and as would have been sufficient on demurrer.

" A variance between proof and allegation,    *    *    *    or any other matter appearing only on the evidence at the trial, will not be reached by this motion." Bishop on Crim. Proc. vol. 1, Sec. 1285 ; also, Secs. 1107, 1108, 1109 ; besides, 8 R. 513 ; 6 An. 310 ; 7 An. 284 ; 8 An. 515 ; 9 An. 94 ; 14 An. 828 ; 15 An. 557, 185 ; 25 An. 370, 537 ; 28 An. 129 ; 30 An. 91.

Even if the objection had been seasonably and properly presented, it would be untenable. Innumerable cases hold that the middle name is a superfluity and may be safely omitted in criminal prosecutions. That is a reasonable view. In this country the middle name is seldom used in common parlance, and even in writing is generally belittled to an initial. Thus, in a case lately decided, containing copious references, it has been held that " William Shepard " and " William Hezekiah Shepard " are the same name, the addition of " Hezekiah " making it fuller, not different. State vs. Feeny, R. I. R., March, 1882 ; Reporter No. 23 of 1882, pp. 733–4.

It is unnecessary to indicate what the remedy was which the defendant should have invoked.

In this Court the accused complains further, that the information is violative of Article 8 of the Constitution, now in force, which is to the effect that the accused shall enjoy the right to be informed of the *nature* and *cause* of the accusation against him.

That provision simply means that prosecution shall not be conducted in secret, but shall be open and public, by information or indictment on specific charges, and that the party shall have full opportunity to assert and make his defense. State vs. Bartley, 34 An. 147.

We have examined the information, which contains specific charges, and do not discover in what respect it fails to inform the accused of the *nature* and *cause* of the accusation against him, unless it be in the variance between the description of the signature or name to the order for the delivery of goods and the person intended.

The discrepancy, if it exist, was immaterial and might, on timely objection to proof at variance under it, have been corrected on simple motion during the progress of the trial. R. S. 1047, 1052 ; Bishop on Crim. Proc., vol. 1, Sec. 478.

No other defect has been pointed out to us on the motion in arrest.

The authorities relied upon ·by the defense are from sister States, in which it does not appear that statutes similar to Secs. 1049 and 1052 of the R. S. exist, which were passed in this State purposely to meet contingencies like those which have arisen in the present instance.

The judgment appealed from is affirmed with costs.