ROGERS, Justice.
 

 On an indictment for murder, defendant was convicted of attempted manslaughter and appealed. No appearance on behalf of defendant has been made in this Court and the ca'se has been submitted solely- on .the brief of the State.
 

 The record presents for review two bills of exception^ — one reserved to the overruling of a motion for a new trial, and the other reserved to the overruling of a motion in arrest of judgment. • ..
 

 The defendant, Mitchell Love, stabbed Dan Holden with a knife on a street in the City of Natchitoches. About two .hours after he was stabbed Holden died. A short time before the stabbing, Holden, Leon Breda and Odie B. Anderson engaged in
 
 z
 
 fight with the defendant, giving him ample reason to believe that they intended him great bodily harm. The record indicates that Love left the scene of the fight but’ returned about two hours later-, when - the stabbing occurred either during a renewal of the fight, as the defendant contends,' or without provocation on the part of Holderi, as the State contends.
 

 The conclusion we have reached on the motion in arrest of judgment makes it unnecessary to consider the motion for a new trial which is predicated mainly on the ground of newly discovered evidence.
 

 In the motion in arrest of judgment it is alleged that the verdict of “guilty of attempt to commit manslaughter” is not responsive to the indictment for murder. 'The judge overruled the motion for the' reason that “the jury was charged as required by law with responsive verdicts to the crime
 
 *16
 
 of murder, of which guilty of attempt to commit manslaughter was one.” In support of his ruling; the judge cites State v. Harper, 205 La. 228, 17 So.2d 260.
 

 The motion in arrest is well founded. In State v. Harper, it was held that attempted manslaughter is a crime under Articles 27 and 29 of the Criminal Code. But that case is not authority on the question involved in this case. There the defendant was not indicted for murder, as was the defendant in this case. He was indicted for “attempt to murder,” and his conviction of “attempted manslaughter” was properly upheld as responsive to the charge in the indictment.
 

 A verdict of manslaughter is responsive ■to a charge of murder, and hence, it is clear ■that a conviction of the lesser crime of attempted manslaughter is responsive to an indictment charging the basic offense of attempted murder under Article 27 of the Criminal Code. But a verdict of attempted manslaughter is not responsive to an indictment for murder.
 

 Article 27 represents an important innovation in the criminal law of this State. Before the adoption of the Criminal Code there were a number of statutes in this Stat,e punishing attempts to commit specific crimes. But there was no general statute punishing attempts to commit all crimes. Under Article 27 of the Criminal Code, an attempt to commit a crime is made a crime whether the crime attempted be a felony or merely a misdemeanor. The article sets out .the elements of an attempt to commit a crime — specific intent to commit the particular offense and an overt act done for the purpose of and tending directly toward the accomplishment of the offense. In paragraph 3 it is provided that: “An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.”
 

 Under the rule prescribed by Article 27, where an act is done with the intent to commit an offense, hut falls short of actual consummation, the offender may he prosecuted for the attempt. Failure of consummation is not an essential element of such an attempt. Under paragraph three an attempt is not merged in the completed offense, and a person may be convicted of an attempt to commit a crime, if it appears on the trial that the crime was actually consummated. Under the rule prevailing before the adoption of the Criminal Code, when the crime was consummated there could be no prosecution for an attempt to commit it. Under the rule prevailing since the adoption of the code, evidence showing that the offense was actually committed will not necessitate an acquittal where, the offender is indicted for an attempt to commit it.
 

 Article 27 does not in express terms provide that on an indictment for any basic offense a conviction of the lesser crime of an attempt to commit such offense would
 
 *18
 
 be valid, but it does provide in paragraph three that an attempt is a separate but lesser grade of the intended crime. It would appear therefore under that provision and the provision of Article 406 of the Code of Criminal Procedure declaring that when the crime charged includes another of a lesser grade, a verdict of the lesser crime is responsive, on an indictment for any basic crime a conviction of the lesser crime to commit such an offense would be valid. But any interpretation of the code articles that would permit a person charged with murder to be convicted of an attempt to commit the murder or an attempt to commit manslaughter is wholly out of keeping with the accepted notions of criminal law and procedure. As a practical matter, a verdict of attempted murder or of attempted manslaughter could only mean that from the evidence the jury found that the alleged victim was still alive. In that case, the offender should not be charged with murder. He should be charged with attempt to murder or, perhaps, with attempt to commit manslaughter. On the other hand, if the evidence disclosed that the victim was dead as a result of the attempt to take his life, then a verdict of attempted murder or of attempted manslaughter would be justified neither in law nor in logic.
 

 It is certain that murder and attempt to commit murder are not generic offenses and the lesser is not included in the greater. The two offenses are separate and distinct and could not be included in the same count in one indictment. Thus, in State v. Guillory, 42 La.Ann. 581, 7 So.2d 690, a verdict of assault with intent to murder was returned to an indictment for murder. This Court annulled the verdict as not responsive to the charge in the indictment. Under our jurisprudence for many years, on an indictment for murder a verdict for only one crime of a less grade,— manslaughter — was permitted. But under the law as it exists today, murder is one of the three grades of homicide, the other two being manslaughter and negligent homicide. Crim.Code, Art. 29. They are generic offenses and each offense implies the-killing of a human being, not a mere attempt to kill a human being.
 

 The question of responsive verdicts is a: procedural matter and is covered by the articles of the Code of Criminal Procedure-According to Article 405, the verdict of the' jury must be responsive to the charge in the-indictment. According to Article 406, if the charge in the indictment includes an offense of a lesser grade, a verdict of guilty of the lesser offense is responsive to the indictment.
 

 Article 386 of the Code of Criminal Prcrcedure, as amended and re-enacted by Act-No. 147 of 1942 in accordance with the recommendation and report of the ■ Louisiana Law Institute, which, under legislative authority prepared and recommended the adoption of the Criminal Code — Act No.
 
 43
 
 of 1942 — provides that: “Whenever the indictment sets out an offense including other
 
 *20
 
 offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused
 
 guilty of manslaughter or negligent homicide."
 
 (Writer’s italics.)
 

 Under the law it is made the mandatory duty of the judge in a prosecution for murder to instruct the jury that they may. find the defendant guilty of manslaughter or negligent homicide, not to instruct them that they may find the defendant guilty of attempted murder, attempted manslaughter or attempted negligent homicide. From which it necessarily follows that oirán indictment for murder only verdicts'’ ofvthe lesser crimes of manslaughter and-‘negligent homicide are permitted. Our conclusion is that’Article 27 of the Criminal Code — Act-No. 43 of 1942 — when construed in connection with the articles relating to homicide and with Articles 405 and 406 of the Code of Criminal Procedure and Act No. 14/7 bf 1942, amending and reenacting Article 386 of the Code of Criminal Procedure, which was adopted at the same session of the Legislature that adopted the Criminal Code, on an indictment for murder a verdict of any lesser offense than manslaughter and negligent homicide is not a legal verdict.
 

 ‘ [7] The indictment in this case was for murder. The trial resulted in a verdict of attempted manslaughter. The effect of this verdict was to acquit defendant of the murder. State v. Fradella, 162 La. 1067, 111 So. 423; State v. Harville, 171 La. 256, 130 So. 348; State v. Pace, 174 La. 295, 140 So. 482.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, the motion in arrest of judgment is sustained, and the defendant is ordered discharged.
 

 O’NIELL, C. J., takes no part.