304 So.2d 348 (1974)
STATE of Louisiana
v.
Clayton Charles GLOVER.
No. 55146.
Supreme Court of Louisiana.
December 2, 1974.
*349 David F. Hutchins, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Clayton Charles Glover, was charged by indictment of the grand jury with the crime of aggravated rape, La.R. S. 14:42. After a jury trial, he was convicted and sentenced to imprisonment at hard labor for life. He appeals to this court, relying on two bills of exceptions for reversal of his conviction and sentence.

BILL OF EXCEPTIONS NO. 1
Prejudicial error is claimed by defendant to have been committed in the trial court's ruling denying a motion to quash the indictment since the grand jury venire from which the grand jury was drawn, as well as the grand jury which returned this indictment, excluded women.
This court has consistently rejected the contention that due process and equal protection guarantees are affected by article VII, section 41 of the Louisiana Constitution of 1921 and article 402 of the Code of Criminal Procedure which exempt women from jury service unless they volunteer for it. State v. Medlock, 297 So.2d 190 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973). We adhere to this ruling.
This bill is without merit.

BILL OF EXCEPTIONS NO. 2
A motion in arrest of judgment filed asserts that the verdict of the jury is not responsive to the indictment, as both the indictment and the response to defendant's motion for a bill of particulars recite that the crime occurred on February 13, 1973, whereas, the evidence adduced at trial is that it occurred on February 12, 1973. Thus, defendant urges the verdict returned was not responsive to the indictment and the trial judge erred in overuling his motion in arrest of judgment.
The indictment charges that defendant "on or about the 13th day of February" did commit aggravated rape upon one, Maxine Soloman. In the motion for a bill of particulars, information was sought as to the date, place and time of the alleged crime. The particulars furnished by the state recite "February 13, 1973; 602 South Antoine Street, between the hours of 7:00 and 8:00 o'clock P.M." However, the state, in its opening statement, asserted that it intended to prove that the defendant "on or about the date of February the 12th, 1973, committed the crime of aggravated rape upon . . . ." There was no objection at this time. Also, proof was adduced at trial, without objection, that the crime occurred on February 12, 1973.
One of the listed grounds for arresting judgment in article 859 of the Code of Criminal Procedure is: "The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment." This ground is a codification of the jurisprudence. See State v. Love, 210 La. 11, 26 So.2d 156 (1946); State v. Gendusa, 190 La. 422, 182 So. 559 (1938). In the Love case, this court held that a motion in arrest of judgment was well founded because the verdict of attempt to commit manslaughter was not responsive to an indictment for murder. In Gendusa, we concluded that the motion in arrest of judgment should be sustained where the indictment charged the accused with entering, but not with breaking after entering, with intent to commit a crime. The offense charged was not a capital offense. The verdict of the jury, necessarily carrying with it the death penalty, *350 was not responsive to the indictment and was therefore invalid.
The claim here made in the motion in arrest is in reality not that the verdict is not responsive to the indictment, but, rather, that the proof offered is at variance with the date of the offense set forth in the indictment and in the bill of particulars furnished by the state.
At the outset, it should be noted that the date is not essential to the crime of aggravated rape; therefore, it need not be alleged in the indictment. When the date is not essential to an offense, the indictment shall not be held insufficient if it does not state a proper date. La.Code Crim.P. art. 468 (1960). The state is not restricted in its evidence to the date set out in the indictment. See, State v. Augusta, 199 La. 896, 7 So.2d 177 (1942). It is limited in its proof to the facts recited in the bill of particulars. State v. Heymann, 256 La. 18, 235 So.2d 78 (1970); State v. Mann, 250 La. 1086, 202 So.2d 259 (1967). However, article 488 of the Code of Criminal Procedure provides that, where there is a variance between the allegations of an indictment or bill of particulars and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence.
Proof adduced at trial, without objection, which varies with the averment in the indictment as to the date on which the offense was committed constitutes a waiver by defendant of any complaint on that score. State v. Bailey, 167 La. 703, 120 So. 57 (1929). In State v. Franklin, 263 La. 344, 268 So.2d 249 (1972), the indictment charged a murder of January 14, whereas proof at trial showed decedent died on January 15. There was no objection at the time the proof was offered. We held that, even had an objection been timely and properly raised to the variance, such variance would not have vitiated the indictment or barred proof of the correct date. We noted that, since the date is not essential to the offense of murder, the indictment is not insufficient when it states an incorrect date. Therefore, even had an objection been timely made, it would have been properly overruled in absence of prejudice to the defendant, although an amendment to conform to the proof may have been permitted. In State v. Smith, 139 La. 442, 71 So. 734 (1916), proof was adduced at trial that the crime had been committed on the 21st day of December when the state had charged in the bill of particulars that it was committed on the 22nd of that month. Defendant did not urge any objection to the introduction of the evidence when offered. The court held that defendant's failure to object to the introduction of the evidence, when it was offered, of the commission of the crime on another date than that stated in the bill of particulars constituted a waiver of any complaint in that regard.
Furthermore, an alleged incompatibility between the allegation of the indictment and the testimony adduced on the trial of the case cannot be considered on a motion in arrest of judgment. State v. Bailey, 167 La. 703, 120 So. 57 (1929); State v. Ransburg, 137 La. 392, 68 So. 737 (1915); State v. Murry, 136 La. 253, 66 So. 963 (1914); State v. Evans, 104 La. 343, 29 So. 112 (1900); State v. Frey, 35 La. Ann. 106 (1883); State v. Crawford, 32 La.Ann. 526 (1880).
Hence, the bill is without merit, as proof adduced at trial which was at variance with the indictment and the bill of particulars furnished by the state, was admitted without objection and, therefore, any complaint has been waived. Furthermore, the motion in arrest of judgment is an improper procedural vehicle to raise such an objection.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.