639 So.2d 1137 (1994)
STATE of Louisiana
v.
Eric Dwayne PORTER.
No. 93-K-1106.
Supreme Court of Louisiana.
July 5, 1994.
*1138 Thomas E. Guilbeau, Lafayette, for applicant.
Richard Ieyoub, Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., for respondent.
LEMMON, Justice[*].
This case involves a prosecution for aggravated rape in which the jury returned a *1139 responsive verdict of guilty of the lesser offense of forcible rape. We granted certiorari to determine whether the trial court erred in granting, over defense objection, the prosecutor's motion under La.Code Crim.Proc. art. 814C to exclude from the list of responsive verdicts the statutorily authorized responsive verdicts of guilty of simple rape and attempted simple rape. This determination focuses on the trial court's application of the provision of Article 814C which requires the trial court to grant such a motion if the "evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense."

Facts
The victim, her parents, and her fiancee, accompanied by a group of friends and business acquaintances, traveled from Houston to attend the Crawfish Festival at Breaux Bridge. Arriving at the festival grounds around noon, the victim and her companions enjoyed the festivities while she consumed a disputed amount of alcoholic beverages.[1]
In the late afternoon, the victim became separated from her friends. She met defendant and his companion, Todd Aubrey, on the festival grounds. After a few minutes of conversation, she accepted their offer to accompany them to a convenience store to purchase additional beer.
The ensuing events were disputed. According to the victim, she was an innocent young woman who naively believed no harm could come by accompanying two strangers on a quick trip to buy some additional beer for herself and her friends at a cost lower than the price of beer sold at the festival. She became suspicious when they passed several stores which obviously sold beer. After the men ignored her requests to return to the festival and made uninvited advances, she became frightened. She was eventually forced to engage in sexual intercourse and oral sex with both men. Although she resisted and even tried to run away at one point, she was overtaken and forcibly restrained. She was afraid to display more resistance because of threats of death. After a period of about six hours, the men released her, taking her jewelry and clothes and leaving her with only a torn shirt and a paper sack to cover her body. She then ran to a house where she called police and relatives.
Information provided by the victim led the detectives to suspect defendant and Aubrey. The victim then made photographic identifications of both of them from a high school yearbook.
Defendant and Aubrey were indicted for aggravated rape and second degree kidnapping. A trial of Aubrey alone resulted in a mistrial when the jury could not reach a verdict. At the second trial, defendant and Aubrey were tried together for aggravated rape and second degree kidnapping. Their attorneys urged that the sex acts were consensual. After completion of the evidence, the trial judge granted the prosecutor's motion under Article 814C to exclude the statutory responsive verdicts of simple rape and attempted simple rape.[2] The court noted that these verdicts were responsive to the charged offense, but were "not responsive to the evidence."
Both defendants were convicted of the lesser offenses of forcible rape and simple kidnapping. Each defendant appealed separately.[3]
Defendant's conviction and sentence were affirmed by the court of appeal. 615 So.2d 507. On the responsive verdict issue, the court concluded that the trial judge had correctly excluded the responsive verdicts of *1140 simple rape and attempted simple rape, stating that the record contained no evidence which would reasonably support guilty verdicts on those offenses.
We granted defendant's application for certiorari, being principally concerned with the responsive verdict issue in the rape conviction. 629 So.2d 372. While we affirm the simple kidnapping conviction, concluding that the court of appeal correctly decided the assignments of error pertaining to that conviction, we reverse the forcible rape conviction and remand for a new trial.

The Law of Responsive Verdicts
Since before the turn of the century, this court has recognized that a defendant, when charged with a crime for which the Legislature has provided a responsive verdict, has the statutory right to have the jury characterize his conduct as the lesser crime.[4]See State v. Brown, 40 La.Ann. 725, 4 So. 897 (1888), citing Patton's case, 12 La.Ann. 288 (1857). Treating the jury's prerogative to return a responsive verdict similar to the jury's power of nullification,[5] this court has consistently held that the jury must be given the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged offense.
This jurisprudence was called into question by State v. Love, 210 La. 11, 26 So.2d 156 (1946), in which this court held that attempted murder was not a proper responsive verdict when the uncontested evidence showed the victim was killed and the defendant's act contributed to the victim's death. Two years later, however, in State v. Brown, 214 La. 18, 36 So.2d 624 (1948), this court overruled Love and held that attempted murder was responsive, despite uncontested evidence that the victim was killed by the defendant.
The Legislature responded by amending the responsive verdict statute to eliminate attempted murder as a responsive verdict to murder. La. Acts 1948, No. 161. The legislative rationale probably was that inclusion of a responsive verdict which does not generally conform to the evidence presented at the trial only serves to encourage compromise verdicts.
Thereafter, the Legislature undertook to provide the exclusive list of responsive verdicts that the jury is authorized to consider. Through a series of amendments to the statute enumerating the authorized responsive verdicts (now La.Code Crim.Proc. art. 814), the Legislature eliminated certain verdicts, even though the offenses were lesser and included offenses,[6] and added other verdicts which were not truly lesser and included offenses.[7] Under the present statutory scheme, La.Code Crim.Proc. art. 814 provides a list of the "only responsive verdicts which may be rendered" for offenses enumerated in the article.
Paragraph C of Article 814, the statute at issue in the present case, was a legislative response to two decisions of this court which involved questions of sufficiency of the evidence when the jury returns a responsive verdict which is legislatively authorized, but is not a truly lesser and included offense. As *1141 long as an authorized responsive verdict is a lesser and included grade of the charged offense and the evidence is sufficient to support a verdict of guilty of the charged offense, there is no problem with sufficiency of the evidence for the responsive verdict.[8] However, because Article 814 contains authorized responsive verdicts which are not truly lesser and included offenses, evidence which is sufficient to support a conviction of the charged offense may not support all of the elements of the responsive offense. Further, statutory amendments to the definitions of crimes (especially first and second degree murder) have created situations in which responsive verdicts that had previously been truly lesser and included offenses became merely statutorily authorized responsive offenses whose essential elements were not entirely included in the definition of the greater offense.
The problem of the sufficiency of the evidence supporting a conviction of a statutorily authorized responsive offense which is not a lesser and included grade of the charged offense was first presented in State v. Dauzat, 392 So.2d 393 (La.1980). The defendant, charged with attempted second degree murder, was convicted of the legislatively authorized responsive offense of aggravated battery, which is not a lesser and included grade of attempted murder. The evidence showed that the defendant fired a shot at the victim which missed him, but struck the vehicle in which he was riding. Thus, the record did not establish the essential elements of the offense of aggravated battery, although the evidence might have been sufficient to convict for attempted murder. This court reversed the aggravated battery conviction because no battery upon the person of the victim had been proved. See Cheney C. Joseph, Jr., Developments in the LawPost Conviction Procedure, 44 La.L.Rev. 477, 483 (1983).
In State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), there was an attempted first degree murder prosecution that arose during the period when second degree murder by definition included only "felony murders" (unintended killings during enumerated felonies) and first degree murder included only specifically intended killings. In a post-conviction application, the defendant attempted to avail himself of the Dauzat rationale, contending that the evidence was insufficient to support the responsive verdict of attempted second degree murder because there was no proof of an enumerated felony which was an essential element of the crime.
This court in a plurality opinion refused to allow the defendant to have the jury consider a responsive verdict which was not supported by the evidence and then raise the issue of sufficiency of the evidence on appeal from a conviction of that lesser offense. The plurality held that the defendant must object at trial to the inclusion of a legislatively authorized responsive verdict which is not supported by the evidence in order to object on appeal to the sufficiency of the evidence supporting the conviction of the lesser offense, as long as the evidence, under the test of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), would have permitted a reasonable juror to convict the defendant of the offense charged.[9]
*1142 The Elaire decision simply prevented the defendant from deriving the benefit of the long-standing statutory rule that the jury must be instructed on all statutorily provided responsive offenses and then having the conviction of the responsive offense set aside because the jury reached a compromise verdict which did not fit the evidence presented.[10] The decision sought to reconcile the defendant's statutory right to have a jury consider a legislatively authorized responsive verdict with the state's interest in preventing the defendant from withholding objection to the inclusion of an unsupported responsive verdict and then challenging on appeal the sufficiency of the evidence supporting that compromise verdict.
Prompted by these decisions,[11] the Legislature clarified the trial court's authority to exclude legislatively authorized responsive verdicts which are not supported by the evidence by rewording Article 814C to provide as follows:
C. Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.[12]
The 1982 addition and 1985 revision of Paragraph C were efforts to permit the trial court and the prosecutor to avoid the situation presented in Elaire and Dauzat, for the same reasons and concerns expressed in the plurality and dissenting opinions. The amendments were not designed to give trial courts and prosecutors the option to strike a lesser offense as a responsive verdict in order to prevent the jury from returning a compromise verdict. Article 814C only authorizes the trial court to delete a lesser offense if a verdict of guilty of the lesser offense would have to be reversed under the Jackson standard;[13] the jury may still return a compromise verdict of a lesser offense which is supported by the evidence, even if the evidence also supports a verdict of the charged offense.

*1143 Application of Principles

Applying the foregoing principles, we must determine whether the trial judge erred in excluding the responsive verdicts of simple rape and attempted simple rape in this case.[14] Specifically, we must determine whether or not the evidence, under the Jackson standard, would have supported a conviction of simple rape.
La.Rev.Stat. 14:43, at the time of the offense, defined simple rape in part as follows:
A. Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when the victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim's incapacity; ....
A defendant may be convicted of simple rape when the victim's capacity to resist was negated by an abnormal condition or state of mind produced by alcohol consumption.[15] In the present case, there was evidence of alcohol consumption by the victim and of an alcohol-influenced state of mind. Although the victim denied excessive drinking and recalled the events of the ordeal, a reasonable juror could have concluded that the essential elements of simple rape had been proved. Had the jury concluded that the victim's alcohol-influenced condition mitigated the severity of the offense and found defendant guilty of the lesser offense of simple rape on that theory, defendant could not have successfully challenged that verdict on appeal. There was evidence from which the jury might have inferred, despite the victim's protestations of resistance, that she became intoxicated with these two young men and that they criminally took advantage of her alcohol-influenced incapacity to resist their advances effectively.
As defense counsel noted in objecting to deletion of the lesser verdicts, the degree of alcohol influence was for the jury, rather than the judge, to decide. Defendant was entitled to have the jury instructed on any theory of law raised by his defense which had sufficient evidentiary support.
In the determination of whether to exclude the statutorily authorized responsive verdict, the issue was not whether the trial court believed the verdict of simple rape was the most accurate characterization of the conduct under the evidence, but whether the evidence would have supported the jury's *1144 verdict of simple rape under the statute defining that offense. If it would, the defendant under the legislative scheme had a right to have the jury consider returning the lesser verdict which is specifically included under Article 814.
By authorizing simple rape as a responsive verdict to aggravated rape under Article 814, the Legislature intended that a defendant is statutorily entitled to have the trial judge instruct the jury on that lesser offense and to have the jury convict him only of that lesser offense, rather than of the offense charged, even though a reasonable juror might have been persuaded on the same evidence to find the defendant guilty of the offense charged. See State v. Dufore, 424 So.2d 256 (La.1982). Paragraph C was not intended to alter that result, but only to require deletion of a responsive verdict which is not supported by the evidence.
On the evidence in this case, defendant had the right to have the jury resolve in his favor any doubts created by the victim's alcohol consumption regarding either the degree of compulsion exercised by defendant or the degree of resistance exercised by the victim and to have the jury return a verdict of guilty of simple rape (or even attempted simple rape, despite the absence of any evidence that sexual intercourse was not consummated).[16]
Therefore, the trial court erred in granting the state's motion, over defense objection, to delete the simple rape verdicts. The error was not harmless because we cannot say there was no reasonable possibility that the error affected the outcome. Since the lesser verdicts which were returned indicated the jury's refusal to accept unconditionally the victim's version of the events of the evening, it is entirely possible that the jurors would have returned an even lower grade of rape if that option had been presented. The error, therefore, cannot be deemed harmless beyond a reasonable doubt, and we must reverse the conviction for forcible rape. See State v. Gibson, 391 So.2d 421 (La.1980). This error, however, did not affect the simple kidnapping conviction.
Accordingly, the conviction for simple kidnapping and the sentence of five years imprisonment are affirmed. The conviction and sentence for forcible rape are reversed, and the matter is remanded for a new trial.[17]
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Calogero, C.J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] The victim insisted that she had only a "few beers" and a "hurricane" (a well-known beverage of alcohol and fruit juices that was only described by the popular name). The defense challenged this evidence only by cross examination of the victim.
[2] Defense counsel clearly expressed his disapproval of the prosecutor's motion, urging the court to "let it go to the jury." This objection, which suggested that there was sufficient evidence from which the jury could conclude that defendant was guilty of simple rape, satisfied the contemporaneous objection requirement of La. Code Crim.Proc. art. 841.
[3] Aubrey's conviction was reviewed and affirmed separately, and is not before the court in this case. See State v. Aubrey, 609 So.2d 1183 (La. App. 3d Cir.1992).
[4] The early cases primarily dealt with manslaughter as a responsive verdict to a murder indictment.
[5] Jury nullification is a recognized practice which allows the jury to disregard uncontradicted evidence and instructions by the judge. See 2 Wayne R. LaFave and Jerold H. Isreal, Criminal Procedure § 21.1 (1984).
[6] Lesser and included grades of the charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Cooley, 260 La. 768, 257 So.2d 400 (1972); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La. 1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
[7] See La.Code Crim.Proc. art. 814, Official Revision Comment (a), which states in part:

At one time the courts of this state held that attempted murder was not responsive to an indictment for murder, State v. Love, 210 La. 11, 26 So.2d 156 (1946). Shortly thereafter, the jurisprudence was changed and such verdict was declared responsive, State v. Brown, 214 La. 18, 36 So.2d 624 (1948). Finally, to resolve the problem of what verdicts were responsive, the legislature, by a series of amendments to former R.S. 15:386, enumerated the specific responsive verdicts for the most common crimes.
[8] See Cheney C. Joseph, Jr. and P. Raymond Lamonica, Criminal Jury Instructions § 1.10 Responsive Verdicts (1994). See also La.Code Crim.Proc. art. 814, Comments-1985, cmt. (c), which states:

Apart from the responsive verdicts listed in the above article, the courts have applied the following criteria to determine responsiveness. "First, all essential elements of the lesser offenses must be included in the indictment for the offense charged. Second, the generic offenses must be segregated from the non-generic offenses. To do this, the genus of the crime charged in the indictment is determined, and each of the lesser crimes compared with it. If the lesser crime is of the same generic class, it is responsive; if not, it is not responsive. If the lesser offense meets both of these tests it may be the subject of a valid and `responsive' verdict." Comment, 5 La.L.Rev. 603, 609 (1944). Those criteria are not codified in this Code because the language used has been effective without difficulty.
[9] The dissenting opinion correctly pointed out that the conviction was being affirmed despite an absence of adequate evidentiary support for the offense of which the defendant was actually convicted. Of course, the Elaire decision was based on the defendant's failure to object to including the unsupported responsive verdict in the list of verdicts given to the jury.
[10] Elaire clearly would have required reversal if the defendant had objected to inclusion of the offense as a responsive verdict and the jury had returned a verdict convicting of that offense which was not supported by the evidence. As one commentator stated:

What Elaire approves as legitimate is the jury's power to ignore the evidence and enter a "compromise" verdict. To the extent that the defendant acquiesces in the submission of the compromise verdict which does not fit the facts, he is bound by that decision.
Cheney C. Joseph, Jr., Developments in the Law: Post Conviction Procedure, 44 La.L.Rev. 477, 485 (1983).
[11] The following comments indicate the Legislature's intent to codify Elaire:

(a) The 1985 amendment to Paragraph C incorporates the result in State v. Henry, 449 So.2d 486 (La.1984) and State ex rel Elaire v. Blackburn, 424 So.2d 246 (La.1982). Elaire (a plurality opinion) held that defendant's failure to object to the sufficiency of evidence to support a responsive verdict precluded defendant from objecting successfully to sufficiency of evidence to support the responsive verdict as long as the evidence was sufficient to support a conviction for the offense charged. The court noted the addition of Paragraph C. The standard for review under Elaire is the Jackson standard (Jackson v. Virginia, 443 U.S. 307 [99 S.Ct. 2781, 61 L.Ed.2d 560] (1979)), not the "no evidence" standard. Therefore, the substitution of language was recommended.
(b) In Henry, the trial court on its own motion decided to strike the responsive verdict as unsupported by the evidence. The supreme court affirmed. This amendment merely recognizes that authority.
La.Code Crim.Proc. art. 814C, Comments-1985, cmt. (a) and (b).
[12] Paragraph C, which had been added in 1982, formerly provided:

C. Upon motion of the state or the defense, the court may, in its discretion, exclude a responsive verdict listed in Subarticle A if after all the evidence has been submitted there is no evidence to establish that responsive verdict.
[13] Because the test for striking responsive verdicts under La.Code Crim.Proc. art. 814C and the test for modifying verdicts under La.Code Crim.Proc. art. 821 was the same, i.e. the standard constitutionally required by Jackson, the same "reasonably permitted" test is now utilized in both code articles. Article 814C provides, in pertinent part, that the responsive verdict is to be "excluded" if the evidence" is not sufficient reasonably to permit a finding of guilty of the responsive offense." In Article 821, the test provided is that the post verdict judgment of acquittal shall be granted if the evidence "does not reasonably permit a finding of guilty."
[14] The legislatively authorized responsive verdicts for aggravated rape are guilty, guilty of attempted aggravated rape, guilty of forcible rape, guilty of attempted forcible rape, guilty of sexual battery, guilty of simple rape, guilty of attempted simple rape, and not guilty.

Significantly, the jury did not return a verdict of guilty as charged. There was clear testimony by the victim describing resistance to the utmost, threats of death with apparent power of execution, and participation by two offenders. While the jury's acceptance of the victim's testimony as to any of these elements would have supported a conviction of aggravated rape, the jury returned a verdict of forcible rape, presumably rejecting the greater offense. Similarly, despite clear evidence of sexual abuse, the jury returned a verdict of simple kidnapping, presumably rejecting the greater offense of second degree kidnapping which requires that element.
[15] The prosecutor's brief seems to concede that the trial judge would have been required to include the simple rape responsive verdicts if the defense had introduced testimony that the sex acts were consensual. There is no such burden on the defense. When the rape victim is an adult, the prosecutor has the burden to prove that the sex act was non-consensual or that circumstances such as incapacity to understand the nature of the act vitiated the consent. When the prosecutor charges the greater offense involving resisted and non-consensual intercourse, the defendant is entitled to have the jury informed that the defendant may be guilty only of the lesser offense if a degree of intoxication makes the victim incapable of resisting or understanding because of stupor. If there is evidence from which the jury could find that the victim's consent was vitiated because of an alcohol impaired state of mind, the defendant is entitled to have a properly instructed jury weigh the evidence and decide whether to convict him of the lesser offense.
[16] The "alcohol influence" instruction on the lesser responsive simple rape offense is, in effect, similar to an instruction regarding a mitigating factor which could lower the level of culpability, although not eliminating culpability entirely.
[17] The new trial must be for forcible rape, since under La.Code Crim.Proc. art. 598 the conviction for the lesser offense is an acquittal of the initially charged offense of aggravated rape.