liWOODARD, Judge.
The sole issue on this appeal by the State is whether the trial court erred in granting a post verdict judgment of acquittal, thereby rejecting a twelve (12) member jury verdict which found the defendant, Carlton Guidry, guilty of attempted aggravated burglary. We reverse and remand for sentencing.

FACTS

In the early morning hours of March 15, 1993, Victoria Rougeau, the defendant’s ex-girlfriend and mother of his child, was awakened by a loud knocking at her door. After waiting to see if the person knocking would leave, she got up and went to the door. When Ms. Rougeau attempted to see who was knocking through the peep-hole, the defendant pushed the door open. Once inside Ms. Rougeau’s home, the defendant immediately began punching her with his fists and, at one point, threw her against the wall. He repeatedly told her that she was a bitch and [2a whore, but was a good mother. Ms. Rougeau testified that the defendant held her up by the neck so that her feet no longer touched the floor.
After asking several times, Ms. Rougeau was allowed to tend to their infant son, but the defendant followed her closely. When she put the baby back to bed, the defendant began hitting Ms. Rougeau again, and again threw her against the wall. The defendant then grabbed her by the hair and dragged her to the bedroom where the two engaged in a sex act.
On August 12, 1993, the defendant was charged by bill of indictment with one count of aggravated rape, a violation of La.R.S. 14:42, and one count of aggravated burglary, a violation of La.R.S. 14:60. After a trial by jury, the defendant was found not guilty of aggravated rape, but guilty of attempted aggravated burglary, a responsive verdict to the charged offense of aggravated burglary. On December 9, 1993, the defendant filed a Motion for Posb-Judgment Verdict of Acquittal to the attempted aggravated burglary conviction. After a hearing on March 11, 1994, the trial court granted defendant’s motion.

SUFFICIENCY OF THE EVIDENCE

In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard, which was adopted by the legislature in enacting La.C.Cr.P. art. 821 pertaining to post verdict motions for acquittal based on insufficiency of the evidence, is that the court must determine that the evi *488 dence, viewed in the light most favorable to the prosecution, was insufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Voorhies, 590 So.2d 776 (La.App. 3 Cir.1991). The testimony of the victim is sufficient to establish the elements of the offense. State v. Johnson, 446 So.2d 1371 (La.App. 1 Cir.), writ denied, 449 So.2d 1347 (La.1984).
In order for the state to obtain a conviction, it must prove all the elements of the crime beyond a reasonable doubt
The attempt statute, La.R.S. 14:27, states, in pertinent part:
laA. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The aggravated burglary statute, La.R.S. 14:60, states, in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or theft therein, if the offender: (1) is armed with a dangerous weapon; or (2) after entering arms himself with a dangerous weapon; or (3) commits a battery upon any person while in such place, or in entering or leaving such place.
In the ease sub judice, Ms. Roug-eau’s testimony is evidence of defendant’s entry into her home without permission and defendant’s intention to commit a felony therein. Ms. Rougeau testified that she did not unlock her door and invite the defendant into her home, but, in fact, that the defendant “pushed the door open.” Ms. Rougeau also testified that once the defendant was in her home, he raped her. It is apparent from the record that the trial judge did not consider evidence directly related to the alleged rape because the defendant had been acquitted on that charge. However, it is of no moment that the defendant was found not guilty of aggravated rape. To rely on this position for a reversal is misplaced. All that is required, inter alia, in upholding the jury verdict of attempted aggravated burglary is the intent to commit a felony. A conviction of the underlying felony is not required. State v. Mills, 505 So.2d 933 (La.App. 2 Cir.), writ denied, 508 So.2d 65 (La.1987).
In the ease sub judice, the record evidence supports, beyond a reasonable doubt, that the defendant intended to commit a felony, rape. The jury’s compromised verdict on the more serious charge of aggravated rape to the lesser included responsive verdict does not necessarily mean that the defendant did not intend to commit aggravated rape. It is within the jury’s power to compromise their verdict to a lesser included responsive verdict although the evidence fully supports the charged offense. The Louisiana Supreme Court recently addressed this issue in State v. Porter, 639 So.2d 1137, 1140 (La.1994), stating:
“Since before the turn of the century, this court has recognized that a defendant, when charged with a crime for which the Legislature had provided a responsive verdict, has the statutory right to have the jury characterize his conduct as the Ulesser crime. See State v. Brown, 40 La.Ann. 725, 4 So. 897 (1888), citing Patton’s Case, 12 La.Ann. 288 (1857). Treating the jury’s prerogative to return a responsive verdict similar to the jury’s power of nullification, this court has consistently held that the jury must be given the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged offense.” (Footnotes omitted).
Finally, the record evidence clearly proves that the defendant committed a battery, one of the aggravating circumstances enumerated in La.R.S. 14:60, while he was in Ms. Roug-eau’s home. Ms. Rougeau stated that once the defendant was in her home, he immediately began punching her in the face with his fists; he picked her up by the neck so that her feet were no longer touching the floor; and, he threw her against the wall. In fact, the defendant admitted in a voluntary state *489 ment to the police that he slapped Ms. Roug-eau, pushed her against a wall, and that her eye became swollen.
After reviewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the defendant guilty of attempted aggravated burglary beyond a reasonable doubt; thus, it was manifest error for the trial court to reverse the conviction.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and set aside. It is further ordered, adjudged and decreed that the jury verdict which found the defendant guilty of attempted aggravated burglary be reinstated and this matter is remanded to the trial court for sentencing of the defendant.

REVERSED AND REMANDED FOR SENTENCING.