780 So.2d 418 (2000)
STATE of Louisiana
v.
Wilfred Wayne CLARK.
No. 00-818.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Rehearing Denied March 9, 2001.
*419 Earl B. Taylor, District Attorney, Opelousas, LA, Counsel for Appellee.
Lawrence Charles Billeaud, Lafayette, LA, Counsel for Appellant/Defendant.
Court composed of Judge COOKS, Judge AMY and Judge PICKETT.
AMY, Judge.
The defendant was tried and convicted for attempted simple robbery. The State filed a habitual offender bill of information against the defendant, charging him as a third felony offender. The trial court sentenced the defendant to life imprisonment, without parole, probation, or suspension of sentence. The defendant appeals his conviction and sentence. We affirm.

Factual and Procedural Background
On September 25, 1998, John Savoy, a pizza deliveryman, encountered the defendant while he was attempting to deliver a pizza in Opelousas, Louisiana. Mr. Savoy stated that while he was searching for the correct address of his current delivery, he saw the defendant flagging him down from the side of the street. Mr. Savoy, believing that the defendant may be the individual who ordered the pizza, drove his car alongside the defendant and stopped. At that time, Mr. Savoy explained, the defendant jumped into the front passenger side of his car and demanded all of his money. Mr. Savoy, who testified that he was surprised, scared, intimidated, and thought the defendant would try to hurt him, responded by hitting the defendant in the face with his hand and, then, reached underneath his seat as if he had a gun. The defendant jumped out of the car and began running. Mr. Savoy drove to the police station to report the incident. The defendant was later found in the general vicinity of where Mr. Savoy had reported the incident occurred. Officer Kenneth Edwards *420 testified that he brought the defendant to the police station where Mr. Savoy identified him as the man who entered his car and asked for his money. Officer Tyrone Davis testified that he later interviewed the defendant and questioned him about the incident. Officer Davis stated that the defendant denied demanding money from Mr. Savoy and claimed that he was only trying to get a ride.
On January 25, 1999, the State filed a bill of information charging the defendant, Wilfred Wayne Clark, with attempted simple robbery, a violation of La.R.S. 14:27 and La.R.S. 14:65, to which the defendant pled not guilty. A jury trial was conducted on July 15, 1999. A six-member jury found the defendant guilty as charged. On August 11, 1999, the State filed a habitual offender bill of information against the defendant, charging him as a third felony offender pursuant to La.R.S. 15:529.1(A)(1)(b)(ii). The trial court determined that the State had proved the requisites for the habitual offender bill of information, and sentenced the defendant to life imprisonment, without benefit of parole, probation, or suspension of sentence. The defendant appealed his sentence and conviction.

Discussion of the Merits
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we find two such errors. First, we recognize that the trial court erroneously informed the defendant that he had three years to file post-conviction relief. According to La.Code Crim.P. art. 930.8, effective August 15, 1999, a defendant has two years from the date the judgment of conviction and sentence becomes final to file post-conviction relief. Therefore, we will remand this matter with instructions to the trial court to inform the defendant of the two-year prescriptive period by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La. 1993).
Secondly, the transcript from the sentencing hearing reflects that the trial court ordered that the defendant not be allowed "diminution of sentence for good behavior pursuant to La.R.S. 15:571.3." The supreme court has held that "a trial court lacks authority under La.R.S. 15:571.3(C) to deny a defendant eligibility for good time credits against his sentence, because the statute is `directed to the Department of Corrections exclusively.'" State v. Narcisse, 97 3161 (La.6/26/98); 714 So.2d 698, quoting, State ex rel. Simmons v. Stadler, 93-1852, (La.1/26/96); 666 So.2d 661. Thus, we order that the minutes of the sentencing hearing be amended to delete the portion of the trial court's sentence regarding "diminution of sentence for good behavior pursuant to La. R.S. 15:571.3."

Insufficiency of Evidence
The defendant alleges that the evidence presented at trial was insufficient to prove that he committed an act of force or intimidation upon the alleged victim. He alleges that the testimony of the victim, alone, is insufficient to prove this essential element of simple robbery. Thus, the defendant argues, the State was unable to exclude a reasonable possibility that he was just trying to get a ride or that he committed the lesser crime of theft.
When a defendant raises the issue of insufficiency of evidence on appeal, the reviewing court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to prove to a rational trier of fact that each of the necessary elements of the crime charged have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tilley, 99-569 (La.7/6/00); *421 767 So.2d 6; State v. Captville, 448 So.2d 676 (La.1984). Simple robbery is defined in La.R.S. 14:65 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." Thus, the necessary elements needed to be proved by the State to sustain a conviction of simple robbery are: 1) the taking of anything of value; 2) belonging to another; 3) from the person of another or their immediate control; 4) by use of force or violence. A person "attempts" to commit the crime of simple robbery when he has the specific intent to commit the offense and does or omits an act for the purpose of and tending directly toward accomplishing his object. La.R.S. 14:27.
The victim, Mr. Savoy, testified for the State regarding the events that occurred on the night of the alleged attempted simple robbery. Mr. Savoy explained that the defendant signaled for him to stop his car, he pulled his vehicle alongside the defendant, the defendant jumped into the front passenger side of his vehicle, and demanded his money. Mr. Savoy testified that he was surprised, scared, intimidated, and believed the defendant would try to hurt him in order to get his money. When questioned by the defendant's trial counsel, Mr. Savoy denied that the defendant ever asked for a ride. The only evidence presented that may seem to have contradicted Mr. Savoy's version of the incident was Officer Davis' testimony explaining that the defendant had told him during an interview at the police station that he did not demand money from Mr. Savoy and that he was only trying to get a ride.
Jurisprudence holds that "a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence." State v. Bernard, 98-994, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 687, 691; State v. Guidry, 94-596 (La.App. 3 Cir. 11/2/94); 649 So.2d 486, writ denied, 94-2953 (La.3/17/95); 651 So.2d 267. We find that when viewing the testimony of Mr. Savoy in the light most favorable to the State, a rational trier of fact could reasonably conclude that the defendant had the specific intent to take money from Mr. Savoy's person, that he did an act intending to effect the simple robbery by flagging Mr. Savoy down and jumping into the car. Further, we find that it was reasonable for the jury to conclude that the act by the defendant of jumping into the vehicle and demanding money, was a use of force and intimidation sufficient to prove the necessary element of attempted simple robbery. Therefore, in light of the lack of evidence to the contrary, we conclude that the defendant's contention that Mr. Savoy's testimony, alone, was insufficient to support his conviction is without merit.

Other Crimes Evidence
On July 6, 1999, the State filed a Notice of Intent to use other crimes evidence pursuant to La.Code Evid. art. 404(B)(1). In the notice, the State claimed that in order to prove that the defendant "intended to intimidate the victim into giving him money," it would offer evidence of three similar offenses which occurred on June, 4, 6, and 7 of 1999. A hearing on the admissibility of the other crimes evidence was held prior to trial wherein the trial court held that evidence surrounding an alleged aggravated burglary committed by the defendant on June 6, 1999, would be admissible to show the defendant's intent to commit robbery.
Pursuant to this order, the jury heard the testimony of Gussie Lanclos, a seventy-nine-year-old widow. Ms. Lanclos testified that on June 6, 1999, she was inside her home preparing to leave when the defendant came to her door and asked for a drink of water. Ms. Lanclos directed him to the outside faucet, at which time the defendant stated that he wanted some ice. When Ms. Lanclos told the defendant *422 that she did not have any ice, he then asked for a ride. After she refused this request, the defendant pulled open the door and entered Ms. Lanclos' house. Once inside, the defendant asked for money and the keys to her truck. Ms. Lanclos testified that she gave the defendant seventy dollars in cash and the keys. She indicated that she did so because she was intimidated and scared by the defendant.
The defendant then ordered Ms. Lanclos to go into her bathroom and stay until he told her to come out. Ms. Lanclos testified that while following her to the bathroom, the defendant discovered a gun that was hanging on a gun rack in the hallway, and armed himself. Ms. Lanclos explained that while she was in the bathroom, she attempted to peek out the bathroom door to see if the defendant was still in the house, but he saw her and threatened to kill her if she came out of the bathroom again. The defendant eventually left the house in Ms. Lanclos' truck. Thereafter, Ms. Lanclos positively identified the defendant as the man who came into her home.
The defendant argues that the trial court erred by allowing the State to present evidence of an unrelated, dissimilar, aggravated burglary committed in a separate victim's home. The defendant asserts that Ms. Lanclos' testimony was inadmissible because: 1) the modus operandi employed by the defendant in the Lanclos incident and the attempted robbery in question are not so peculiarly distinctive that one must logically say they are the work of the same person; 2) the other crimes evidence is not so substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; 3) the other crimes evidence cannot prove a material fact genuinely at issue; and 4) the probative value of the other crimes evidence does not outweigh its substantial risk of prejudice.
The statutory rule governing the admissibility of "other crimes, wrongs, or acts" evidence is stated in La.Code Evid. art. 404(B), which provides in pertinent part:
(1) Except as provided in Article 412 [regarding a victim's past sexual behavior in sexual assault cases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Additionally, jurisprudence has determined that in order for other crimes evidence to be admissible the following must be met:
1. One of the factors listed in Article 404(B) must be at issue, have some independent relevance, or be an element of the crime charged.
2. The State is required to prove the defendant committed the other acts by clear and convincing evidence.
3. Even if independently relevant, the evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
4. The State must fulfill the notice and procedural requirements set forth in State v. Prieur, 277 So.2d 126 (La.1973).
See State v. McArthur, 97-2918 (La.10/20/98); 719 So.2d 1037; State v. Miller, 98-301 (La.9/9/98); 718 So.2d 960.
Ultimately, questions of relevancy and admissibility are discretion calls for *423 the trial court. State v. Mosby, 595 So.2d 1135, 1139 (La.1992). Thus, these determinations will not be overturned on appeal absent manifest error or unless they are found to be clearly wrong. Id.
Although the State had given notice regarding three separate offenses which it alleged should be admissible as other crimes evidence, at the hearing on the issue the State only offered evidence relevant to the Lanclos incident. It is evident from the facts of this case that the element of intent was an essential issue in the State's prosecution of the defendant for attempted simple robbery. In the State's notice to the defendant, it specifically described the incident involving Ms. Lanclos and its intent to use the offense to prove "the defendant's intent to rob Mr. Savoy." The trial court heard the testimony of the investigating officer at the evidentiary hearing and determined that the State had proved the occurrence of the Lanclos incident by clear and convincing evidence. Further, the trial court determined that the two acts were similar enough to warrant the admissibility of the incident as relevant other crimes evidence. The trial court clearly rejected the defense's assertion that the evidence was only being offered to prove that the defendant had a criminal characteristic and that he acted in conformity therewith. The trial court explained:
The State is obligated in any attempt case to establish a specific intent. So intent becomes a very crucial issue in the case. I think this defendant's statement to the police officer when he was arrested was he was just trying to get a ride. And the last time he tried to get a ride too [sic] he robbed somebody, didn't he? It's starting to sound like a little pattern of some kind to me. And that's why it's going to be admitted. It goes directly to the issue of intent because of his denial at the time that the officer arrested him.
The defendant does not argue how the trial court's ruling allowing the other crimes evidence to be admitted prejudiced him at trial, but merely states that the probative value of the admission of this evidence greatly outweighed the substantial risk of undue prejudice. However, given the nature of other crimes evidence, we can assume that the evidence had some prejudicial effect to the defendant, and this prejudicial effect must be weighed against its probative value.
"Unfair prejudice to a criminal defendant `speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" State v. Colomb, 98-2813, p. 5 (La.10/1/99); 747 So.2d 1074, 1076, quoting, Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997). After review, we do not find that the other crimes evidence was so confusing or presented such an unfair prejudice so as to draw the jury into convicting the defendant for his bad character; rather, it was properly evaluated by the jury as circumstantial evidence of the defendant's specific intent to commit the crime of robbery. Therefore, we conclude that it was not manifest error for the trial court to find the other crimes evidence relevant to the issue of specific intent and allow the State to present the evidence to the jury.

Unconstitutionally Excessive Sentence
In a pro se brief to this court, the defendant alleges that the mandatory life sentence he received as a third felony offender pursuant to La.R.S. 15:529.1(A)(1)(b)(ii) is unconstitutionally excessive, considering the nature of the three felonies for which he was convicted.
The Louisiana Habitual Offender Law, La.R.S. 15:529.1, states in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

*424 . . . .
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
. . . .
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) ... or any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The Louisiana Legislature, pursuant to its power to define criminal conduct and provide a penalty for that conduct, enacted the Habitual Offender Law. See La. Const. art. III § I. The Louisiana Supreme Court has repeatedly held this statute to be constitutional. See State v. Johnson, 97-1906 (La.3/4/98); 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (1993); State v. Badon, 338 So.2d 665 (1976). Therefore, since the Habitual Offender Statute has been found to be constitutional as a whole, the minimum sentences prescribed in the statute for multiple offenders is presumed to be constitutional. To rebut this presumption, the defendant must demonstrate by clear and convincing evidence that the minimum sentence is grossly disproportionate to the severity of the crimes committed. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
In the case sub judice, the State proved that the defendant had been previously convicted of unauthorized entry of an inhabited dwelling in 1994, obscenity by exposing his genitals in public in 1996, and the instant offense of attempted simple robbery. The trial court determined that attempted simple robbery is defined as a crime of violence in La.R.S. 14:2(13).
In reviewing the constitutionality of a life sentence for the defendant under the facts presented, the trial court stated:
I do believe that the burden is Mr. Clark's to show this Court that the mandates of 15:529 are in fact excessive and I don't know that he's met that burden. He's got a lifetime of crime and I'm going to go into that in the formal sentencing portion. Since he's been a juvenile until today he's still a relatively young man. He's twenty-five years old. He's contributed nothing to society that I see is valid, nothing. All he's ever done is go from one criminal activity to the other and he's slowly escalated through his juvenile years through his adult years. The testimony you presented indicates that he's never been off of probation or parole since he's been an adult. Where is the contribution that he should try to make to society? I don't see any remorse at all in any of his activities over time in the pre-sentence report.... As I noted earlier, there's no break in the criminal activity. He just went from one to the other and he hasn't stopped since. I don't know what to do with someone doesn't recognize authority, doesn't put the brakes on when he's charged, sentenced, placed in jail and he just keeps coming back and he doesn't quit.... I do in fact note that the mandates of R.S. 529.1 do not shock my sense of justice and I therefore sentence Mr. Clark to life imprisonment for the remainder of his natural life without probation, parole, or suspension of sentence.
The record reflects that the defendant has had a continuous propensity to commit crime. The sentencing transcript, as well as the pre-sentence investigation indicates that the defendant was indicted for rape in 1992, pled guilty to theft over five hundred dollars and simple burglary in 1996, pled no contest to theft in 1998, and was arrested for numerous other offenses. These crimes are all in addition to the three *425 felony offenses which the State used to bill the defendant as a habitual offender.
After reviewing the facts presented and the reasons for sentencing as stated by the trial court, we do not find that the mandatory life sentence imposed on the defendant is so greatly disproportionate to the crimes charged, so that it amounts to a cruel and unusual punishment. Therefore, we find this assignment of error to be without merit.

DECREE
For the foregoing reasons, the sentence and conviction of the defendant, Wilfred Wayne Clark, are affirmed. This matter is remanded with instructions to the trial court to inform the defendant of the two-year prescriptive period for filing postconviction relief by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. Further, we order that the minutes of the sentencing hearing be amended in accordance with this opinion.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
COOKS, J., concurs in part and dissents in part. I would affirm the conviction, but find the sentence is excessive.