PRESTON H. HUFFT, Judge Pro Tem.
The defendant, Roger Mosley, was charged with purse snatching, a violation of La.R.S. 14:65.1, tried before a jury and found guilty as charged. He was sentenced to serve 7 years in the custody of the Louisiana Department of Corrections. A multiple bill of information was filed under La.R.S. 15:529.1 and the defendant was sentenced as a second offender to serve 10 years in the custody of the Louisiana Department of Corrections.
In his only assignment of error, the defendant contends that the trial judge erred in failing to charge the jury that simple robbery under La.R.S. 14:65 and attempted simple robbery under La.R.S. 14:27 and 14:65 were responsive verdicts to the charged offense of purse snatching. Since no responsive verdicts for purse snatching are provided for in C.Cr.P. art. 814, the question of responsive verdicts is governed by the provisions of C.Cr.P. art. 815, wherein all lesser and included grades of the charged offense are declared responsive. The trial judge charged the jury that the responsive verdicts for purse snatching were Guilty, Guilty of Attempted Purse Snatching and Not Guilty. Although he was given an opportunity to do so prior to the retirement of the jury for deliberation, the defendant did not object to the charge as given nor did he request that any additional charges be given.
Subsequent to the retirement of the jury, the defendant requested the court to further charge the jury that simple robbery and attempted simple robbery were additional responsive verdicts to the offense of purse snatching. The court refused to give the requested charge. It is not noted whether the court refused to give the requested charge because it was not submitted until after the jury retired and thus was not within such time as the court could reasonably have cured any error in the charge as given (C.Cr.P. art. 801), or because the court was not required to give *660 such a charge under C.Cr.P. art. 815 as simple robbery and attempted simple robbery were not lesser and included grades of the offense of purse snatching.
Purse snatching under La.R.S. 14:65.1 is defined as: “the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation or by snatching, but not armed with a dangerous weapon.” (Emphasis ours) Simple robbery under La.R.S. 14:65 is defined as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.”
Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater charge. Thus, evidence which supports a conviction of the charged offense necessarily supports a conviction of a lesser and included offense. State v. Dufore, 424 So.2d 256 (La.1982). If the greater offense could be committed without commission of the lesser offense, then a verdict for the lesser offense cannot be responsive. State v. Poe, 214 La. 606, 38 So.2d 359 (1948).
The Louisiana courts have distinguished the term “snatching” in R.S. 14.65.1 from the legal definition of the “use of force or intimidation.” State v. Anderson, 418 So.2d 551 (La.1982) and State v. Jackson, 439 So.2d 616 (La.App. 1 Cir.1983) hold that “ ‘snatching’ does not require a face to face confrontation and is distinguished from the use of force or intimidation by the statute’s very wording.”
Since the offense of purse snatching may be committed by a “snatching” as distinguished from the use of force or intimidation, as required by the offense of simple robbery, it follows that the commission of the offense of purse snatching would not necessarily result in the commission of the offense of simple robbery. Accordingly, the offense of simple robbery is not responsive to the charge of purse snatching and the trial court was not required to give the requested charge.
A review of the record discloses no errors patent.
We affirm the conviction and sentence.
AFFIRMED.