laBAGNERIS, Judge.
Defendant John D. Lynch was charged by bill of information on October 24, 1995 with attempted unauthorized entry of an inhabited dwelling, a violation of La. R.S. 14:(27)63.2. At his arraignment, defendant pleaded not guilty. On November 21, 1995, the court found probable cause. On April 9, 1996, defendant waived- his right to trial by jury, and following a bench trial, was found guilty of criminal trespass, a violation of La. R.S. 14:63. On that same date defendant waived *13 all delays and was sentenced to serve ninety days in Parish Prison, with credit for time served and concurrent with any other sentence. This court subsequently granted defendant an out-of-time appeal. State v. Lynch, 97-1458, unpub. (La.App. 4 Cir. 7/24/97).
FACTS
Father Joseph Doyle testified that he was rector of the Josephite House of Studies, a residence for young men studying for the priesthood and brotherhood in the Josephite community, which was located at 2000 St. Bernard Avenue. Father Doyle stated that on September 30, 1995, between 12:00 p.m. and 2:00 p.m., he observed defendant come through the gate, which had been locked, and go up the steps to the porch door. Defendant attempted to open the door to the en-closedjjjfront porch, which had been converted to a computer room. When defendant could not get in the door, he started to remove the glass panels from the louver windows. A seminarian telephoned police while another went to place a chair against the door. The defendant then fled. Police took defendant back to the scene, and Father Doyle identified defendant as the perpetrator. Father Doyle said a screen door had been damaged in the incident.
Defendant testified that he entered the yard without permission. He denied attempting to get through the door but admitted to looking through the louvered windows to see if anyone was inside. He said he was looking for food, and said he had rung the doorbell on the side door but had gotten no response.
I. ERRORS PATENT/ASSIGNMENT OF ERROR
A review of the record reveals two errors patent. First, La. R.S. 14:63 provides for only a fine of not more than five hundred dollars for a first offense conviction for criminal trespass, not more than six months and/or a fine for a second conviction, and not more than one year and/or a fine for a third or subsequent conviction. There is no indication in the record that defendant has a prior conviction for criminal trespass. However, the trial court sentenced defendant to ninety days in Parish Prison in violation of La. R.S. 14:36, thus his sentence should be vacated.
In the second error patent, which is also defendant’s sole assignment of error, defendant asserts correctly that the trial court erred in finding him guilty of a non-responsive verdict. La.C.Cr.P. art. 814 lists particular responsive verdicts but does not list any responsive verdicts for attempted unauthorized entry of an inhabited dwelling, for which defendant was charged. Pursuant to La.C.Cr.P. art. 815, in all cases not provided for in La.C.Cr.P. art. 814, the responsive verdicts are (1) guilty, |4(2) guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) not guilty.
In State v. Simmons, 422 So.2d 138 (La.1982), the court stated that the test for determining whether a verdict is responsive is:
[W]hether the definition of the greater offense necessarily includes all the elements of the lesser. Stated in another way for practical application, this merely means that, if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive.
In Simmons, the defendant was charged with and convicted of attempted simple burglary of a pharmacy, a violation of La. R.S. 14:62.1, which was then and is now the “unauthorized entry” of any building, warehouse, physician’s office, hospital, pharmaceutical house, or other structure used in whole or in part for the sale, storage and/or dispensing of controlled dangerous substances. La. C.Cr.P. art. 814 did not list any statutory responsive verdicts for attempted burglary of a pharmacy. On appeal, defendant claimed the trial court had erred in failing to give a requested special charge listing criminal trespass as a responsive verdict. On appeal, the Supreme Court found that the offense of attempted burglary could conceivably be accomplished by a person who does not enter upon the premises. The court cited an example of a person armed with burglary tools, coupled perhaps, with other evidence con *14 cerning his purpose, who approaches an entrance or simply is found standing next to a window. The court held that, because the greater offense of attempted burglary could possibly be committed without the perpetration of criminal trespass, that lesser offense was not truly a lesser and included offense.
|5In the present ease, defendant was charged with attempted unauthorized entry of an inhabited dwelling, a violation of La. R.S. 14:(27)62.3. La. R.S. 14:62.3 states in pertinent part:
A. Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.
La.R.S. 14:27 provides in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute am attempt;....
Defendant was convicted of criminal trespass, a violation of La. R.S. 14:63, which provides in pertinent part:
A. No person shall without authorization intentionally enter any structure, watercraft, or movable.
B. No person shall intentionally enter immovable property owned by another:
(1) When he knows his entry is unauthorized, or
(2) Under circumstances where he reasonably should know his entry is unauthorized.
It is conceivable that the offense of attempted unauthorized entry of an inhabited dwelling could be committed without perpetration of the offense of criminal trespass. The example cited by defendant in his brief, similar to the example cited by the court in Simmons, illustrates the point that a person could be standing on the sidewalk in the French Quarter and attempt to enter an inhabited 16dwelling by trying to open the door, but find it locked, thus preventing his entry. A criminal trespass requires an entry. Therefore, because a reasonable state of facts can be imagined wherein the greater offense of attempted unauthorized entry of an inhabited dwelling can be committed without perpetration of the lesser offense of criminal trespass, a verdict for criminal trespass cannot be responsive to the greater offense with which defendant in the present case was charged.
The rendition of a verdict unresponsive to the charge requires that the conviction and sentence be reversed and the case remanded for a new trial. State v. Major, 597 So.2d 108, 110 (La.App. 4 Cir.1992). Accordingly, defendant’s conviction and sentence should be reversed and the case remanded for a new trial.
REVERSED; REMANDED FOR NEW TRIAL.