811 So.2d 1146 (2002)
STATE of Louisiana
v.
Theodore N. ARITA.
No. 2001-KA-1512.
Court of Appeal of Louisiana, Fourth Circuit.
February 27, 2002.
*1147 Harry F. Connick, District Attorney of Orleans Parish, Juliet Clark, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Frank G. DeSalvo, Frank G. DeSalvo, A.P.L.C., New Orleans, LA, for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY.
McKAY, Judge.

STATEMENT OF THE CASE
The defendant Theodore N. Arita was charged by bill of information on September 1, 2000 with second degree battery, a violation of La. R.S. 14:34.1. The trial court denied the defendant's motion to quash on October 20, 2000. A bench trial took place on October 23 and 25, 2000, with the trial court taking the matter under advisement. On December 20, 2000, the trial court found the defendant guilty of attempted second degree battery. On January 22, 2001, the trial court denied the defendant's motion to reconsider the verdict, and sentenced the defendant to seven months at hard labor, with credit for time served. The trial court denied the defendant's motion to quash the State's habitual offender bill of information, vacated the original sentence, adjudicated the defendant a second-felony habitual offender, and resentenced him to seven months at hard labor.

FACTS
Officer Justin Clark arrested the defendant in the early morning hours of June 18, 2000, after observing him kicking Tina Bowie about her face in the 700 block of Bourbon Street. The defendant fled, but was apprehended within a block and returned to the scene, where Ms. Bowie identified him as the person who had battered her. Ms. Bowie, who the officer said had been temporarily rendered unconscious, had blood on her face.
The State called Tina Bowie as a witness. She denied that the defendant battered her, testifying instead that he came to her rescue from someone who had attacked her from behind. She denied identifying the defendant as her attacker. Ms. Bowie had a sexual relationship with the defendant that had ended some time before the incident. She denied ever losing consciousness, even though hospital records reflected a loss of consciousness; she admitted that a CAT scan was done. She said her nose was bleeding and she had a scratch on her neck as a result of the attack.
Dawnell Bartholomew testified that the defendant, her live-in boyfriend, had never committed any act of violence upon her. Tina Bowie testified on behalf of the defendant that she told the district attorney's office numerous times that the defendant had not attacked her. The defendant testified that he witnessed another male hitting *1148 Ms. Bowie, and that he pushed the attacker away from Ms. Bowie and attempted to pick her up. The defendant said he ran when he saw the police coming, because he was afraid of being arrested and having his probation revoked. The defendant admitted prior convictions for possession of cocaine and flight from an officer.
Dr. Edwin Wood said that Ms. Bowie's hospital records contained a physician notation of a "questionable loss consciousness," and that an EMS attendant wrote that she lost consciousness. The medical records reflected no fractures of the face or head, or bleeding inside of the brain, and Dr. Wood indicated that it had not been a severe beating. He said a CAT scan would not show a concussion or whether a person had lost consciousness, and conceded that someone could be kicked in the head yet show no trauma. Ms. Bowie's blood alcohol level that night was .15.
Karem Rankinson, the defendant's cousin, testified that the defendant pushed the attacker and fled when police arrived. Mr. Rankinson said that he stated, in the presence of police, that the defendant did not do it. Tina Bowie, testifying for the third time, said she was drinking that night, but was not drunk.
Officer Clark testified on rebuttal that Karem Rankinson was pushing the defendant away from Ms. Bowie as the defendant was kicking her. He said that Mr. Rankinson said nothing to him after he apprehended the defendant and returned him to the scene.

ERRORS PATENT
A review of the record reveals four patent errors, three of which are rendered moot by the disposition as to defendant's assignment of error, which is also the fourth error patent.
First, the record does not reflect that the defendant was arraigned. However, La.C.Cr.P. art. 555 provides that an error in failing to arraign a defendant is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty. Even assuming the defendant was not arraigned, the record reflects that he proceeded to trial without objecting thereto. Accordingly, the error is harmless.
Second, the verdict of attempted second degree battery was not responsive to the indictment, as the only verdicts responsive to the charged offense of second degree battery are guilty, guilty of simple battery, and not guilty. La. C.Cr.P. art. 814(A)(15). The defendant raises this matter in his sole assignment of error, discussed below.
The record also reflects that on the day of sentencing, defense counsel moved that the court reenter a verdict of not guilty, as the verdict of attempted second degree battery was not responsive to the charge. The trial court denied the motion, and pronounced sentence. The defendant's motion appears to have been a motion in arrest of judgment based on the ground that the verdict was not responsive to the indictment. La. C.Cr.P. art. 859(5). La. C.Cr.P. art. 873 provides that sentence shall not be imposed until at least twenty-four hours after the motion is overruled, unless defendant expressly waives the delay. However, the failure to observe that delay is harmless error where the defendant does not challenge his sentence on appeal. State v. Commodore, XXXX-XXXX, pp. 3-4 (La.App. 4 Cir. 11/21/00), 774 So.2d 318, 320, writ denied, XXXX-XXXX *1149 (La.11/2/01), 800 So.2d 869. As the defendant does not challenge his sentence on appeal, the error is harmless.
Finally, there is a problem with the sentence, in that the defendant was sentenced for a crime that does not exist in Louisiana. See discussion below.

ASSIGNMENT OF ERROR
In the defendant's sole assignment of error, he correctly argues that the trial court verdict of guilty of attempted second degree battery is not responsive to the bill of information.
When the bill of information charges the offense of second degree battery, as in the instant case, the only responsive verdicts are guilty, guilty of simple battery, or not guilty. La. C.Cr.P. art. 814(A)(15). The trial court found the defendant guilty of attempted second degree battery, which is not a recognized crime in Louisianabecause an attempt to commit a battery is an assault. See La. R.S. 14:36. Therefore, the defendant's conviction must be reversed. See State v. Mayeux, 498 So.2d 701 (La.1986); State v. Nazar, 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780.
In Mayeux, the jury was instructed at the request of defense counsel that it could return verdicts of guilty of attempted aggravated battery in response to two charges of aggravated battery. The jury returned verdicts of attempted aggravated battery. The State did not object to the verdicts. On appeal to the Court of Appeal for the Third Circuit, the court found the verdict invalid as a non-responsive verdict. The court also found that the verdict indicated that the State had failed to prove the essential elements of the aggravated batteries, reversed the convictions and sentences, and entered judgments of acquittal. The State sought review in the Louisiana Supreme Court, which held that the unresponsive verdict and the conviction of an offense not specifically designated as a crime in Louisiana were two separate errors patent. The court went on to find that the verdict was "wholly invalid." The court stated that the illegal verdict amounted to a conviction of a "non-crime," and therefore operated as neither a conviction nor an acquittal. The court held that the appropriate action was to set aside the conviction and remand for a retrial. In reaching its decision, the court held that the Fifth Amendment's double jeopardy clause did not bar retrial.
The Mayeux defendant was retried on the two charges of aggravated battery and acquitted on one and convicted on the other. That conviction was affirmed on appeal. State v. Mayeux, 526 So.2d 1243 (La.App. 3 Cir.1988), writ denied, 531 So.2d 262 (La.1988). In Mayeux v. Belt, 737 F.Supp. 957 (W.D.La.1990), a habeas corpus proceeding, the court found that the defendant's retrial was barred by double jeopardy. In reaching its decision, the court relied on the jury instruction given at the first trial, which stated in part that if it was not convinced beyond a reasonable doubt that the defendant was guilty of aggravated battery, but was convinced that he was guilty of attempted aggravated battery, it should state that on the verdict form. The court reasoned that when the jury returned the verdict of attempted aggravated battery, it clearly showed that it had acquitted the defendant of aggravated battery.
In State v. Campbell, 94-1268 (La.App. 3 Cir. 5/3/95), 657 So.2d 152, two defendants who had been charged with jury tampering were convicted by a jury of attempted jury tampering. On appeal, the Third Circuit cited the federal court decision in Mayeux *1150 v. Belt to reverse the convictions, entered judgments of acquittal, and ordered the discharge of the defendants. The court acknowledged the Louisiana Supreme Court's Mayeux decision, but felt that judicial economy demanded acquittals, implying that the Campbell defendants, like the defendant in Mayeux v. Belt, would prevail on a petition for habeas corpus relief. However, in State v. Campbell, 95-1409 (La.3/22/96), 670 So.2d 1212, the Louisiana Supreme Court stated that it did not need to reconsider the continuing validity of its Mayeux decision in light of the federal district court decision in Mayeux v. Belt, finding that in convicting the Campbell defendants of attempted jury tampering, the jury had not convicted them of a non-crime, as had been the case in Mayeux. The court found that attempted jury tampering was in fact jury tampering, the crime charged. It found that because of a trial court error in charging the jury, the verdicts did not clearly convict or acquit the defendants of the charged offenses. The court believed that in this context a retrial on the jury tampering charges would not constitute double jeopardy, and reversed that part of the Third Circuit's decision ordering the discharge of the defendants.
In State v. Nazar, 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780, the defendant was tried on a charge of simple battery, but the trial court found him guilty of attempted simple battery. The defendant filed a motion for post-verdict judgment of acquittal, and the State moved to clarify the verdict. The trial court vacated its original decision and found the defendant guilty of simple battery. The defendant appealed to the Criminal District Court Appellate Division, which reversed the conviction and acquitted the defendant on the simple battery charge. This Court held that the trial court had no authority to vacate its original verdict of attempted simple battery and find the defendant guilty of simple battery. Following the Louisiana Supreme Court's decision in Mayeux, this Court further held that attempted simple battery was a non-crime and, thus, the original guilty verdict was invalid. Although this Court found the reasoning of the federal district court in Mayeux v. Belt persuasive, it followed the Louisiana Supreme Court's decision in Mayeux for the proposition that a verdict of guilty of a non-crime cannot serve as an acquittal or a conviction for double jeopardy purposes. This court affirmed the Criminal District Court Appellate Division's reversal of the defendant's conviction and sentence, but reversed as to the acquittal, remanding the case for further proceedings.
The only cases that mention the federal district court decision in Mayeux v. Belt are the aforementioned respective Campbell decisions by the Third Circuit and the Louisiana Supreme Court, and this court's decision in Nazar.
La. C.Cr.P. art. 814(A)(15), which sets forth the only responsive verdicts for the charge of second degree battery, does not set forth a responsive verdict of attempted second degree battery. Under the Louisiana Supreme Court decision in Mayeux, and this court's decision in Nazar, attempted second degree battery is a non-crime, and the trial court's verdict of guilty of attempted second degree battery is invalid. Following Mayeux and Nazar, there is no double jeopardy bar to defendant's retrial on the charge of second degree battery.
For the foregoing reasons, we vacate the defendant's conviction and sentence and remand the case to the trial court for retrial.
*1151 CONVICTION AND SENTENCE VACATED; REMANDED FOR RETRIAL.