J^TERRI F. LOVE, Judge.
Defendant, Kirk Hatcher, was charged with aggravated battery but was convicted at a bench trial of attempted aggravated battery. Defendant appeals the denial of his motion for new trial and alleges three assignments of error. Also, on appeal is the State’s Motion to Supplement the Record. For the reasons explained below, we reverse the conviction and sentence and remand for a new trial because of two patent errors.

STATEMENT OF CASE

On January 25, 2001, Kirk Hatcher was charged by bill of information with aggravated battery of Diane Alexander while armed with a metal construction tool in violation of La. R.S. 14:34. On June 14, 2001, the defendant was appointed counsel and entered a plea of not guilty. On June 22, 2001, probable cause was found after a hearing was held, and the trial court denied the defendant’s motion to suppress statements and evidence. On July 2, 2001, a one-day bench trial was held, and the defendant was found guilty of attempted aggravated battery in violation of La. R.S. 14:(27)34. The trial court denied the defendant’s oral motion for a new trial. On July 27, 2001, the trial court sentenced the defendant to thirty-seven months in the Department of Corrections, with credit for *654 time served but without |¡.“benefits” The defendant motioned for a new trial, reconsideration of the sentence, and arrest of judgment, all of which were denied by the trial court. His motion for appeal was granted.
The State subsequently filed a bill of information charging the defendant as a second felony offender under La. R.S. 15:529.1. On September 7, 2001, the multiple bill hearing was held, and defense counsel made an oral motion to quash the multiple bill, which the trial court did not rule on before making its finding that the defendant was a second felony offender. The defendant waived all legal sentencing delays, and the trial court vacated the previous sentence and re-sentenced the defendant to seven years at hard labor, with credit for time served but “without benefit.” The defense noted its objection.

STATEMENT OF FACT

Two witnesses testified at the defendant’s one day bench trial: Officer Terrell Seiber of the New Orleans Police Department, Fifth District; and Terri Clark, a 911 operator. Officer Seiber testified that on October 5, 2000, he responded to a call at 6214 St. Claude Avenue. Cecelia Virginia, also known as “Virgie,” met Officer Seiber at the scene and advised him that the complainant, Ms. Alexander, her aunt, was around the corner. The defense objected to this testimony as hearsay. The officer continued to testify that he observed a female, later identified as Ms. Alexander, holding onto a black male, later identified as the defendant. Ms. Alexander flagged down the officer at the intersection of Marais Street and Tupelo Street, where she told the officer that the defendant had hit her in the head with an object. The officer relocated the defendant and Ms. Alexander to her residence, where she pointed out the metal object that the defendant had used to strike her in the head as she struggled to force him out of her ^apartment. The defense again objected to the officer’s testimony as hearsay, which the trial court denied on the grounds that Officer Seiber was the investigating officer. Officer Seiber continued to testify that he advised the defendant of his rights, arrested the defendant, and called crime lab personnel to the scene to have Ms. Alexander’s injuries photographed. At the trial, Officer Seiber viewed the photographs and described Ms. Alexander’s injuries as a one-inch bleeding gash in her hairline near the center of her head. He observed blood on her shirt and forehead and described Ms. Alexander as hysterical and upset. On cross-examination, Officer Seiber admitted that he did not witness the incident and that he based his testimony on what Ms. Alexander told him. He also admitted that the alleged weapon was not processed for fingerprints and that the defendant did not make any inculpatory statements to him.
Terri Clark testified that she was the 911 Operator who took a call at 1:24 a.m. from “Virgie” in the instant case. Ms. Clark also testified regarding the procedure for handling a 911 call. When a call comes in to 911, it is automatically tape-recorded and the operator enters into the computer a summary of the information provided by the caller as the caller speaks. A computer print out is generated from the call regarding the incident. In the 911 call in this case, Ms. Clark testified that Virgie told her that Kirk Hatcher struck Diane Alexander in the head with an unknown object. The defense objected to this as hearsay, and the trial court overruled the objection, stating that “[sjhe’s the operator. She is telling you what her report says pertaining to the call.” Ms. Clark continued to testify that Virgie told her that a unit was out earlier but the boyfriend was back at the residence. The State played State’s Exhibit 4, “the 911 tape in open court, and Ms. Clark identified the tape played as the recording of the *655 call that was | ¿identified by officer — Ms. Clark.” The 911 tape played in open court was not transcribed by the court reporter, although the tape, as well as the computer printout, were submitted into evidence. Ms. Clark testified that after she received the 911 call from Virgie, she assigned a higher priority to the call to assure the police knew they were needed immediately because the subject had returned to the residence. On cross-examination, Ms. Clark admitted that she did not know the parties involved, does not know if there actually was an injury inflicted, was not present when the alleged events occurred, and does not know if the defendant caused the injury to Ms. Alexander.

DISCUSSION

Errors Patent
The defendant was charged with aggravated battery but was convicted by the trial court of attempted aggravated battery. Under La.C.Cr.P. art. 820, all provisions regulating responsive verdicts and the effect of verdicts apply to cases tried without a jury. Article 814 of the Code of Criminal Procedure provides the list of legislatively approved responsive verdicts. Pursuant to La.C.Cr.P. art. 814(A)(14), the legislatively approved responsive verdicts to a charge of aggravated battery are guilty, guilty of second degree battery, guilty of simple battery, or not guilty.
A verdict of guilty of attempted aggravated battery is unresponsive and a patent error, as is the verdict purporting to convict the defendant of an offense not specifically designated as a crime in Louisiana. State v. Mayeux, 498 So.2d 701, 702-703 (La.1986).[1] Although the defense did not | ¡¡object to the verdict when it was announced, a non-responsive verdict is a patent error and does not require a contemporaneous objection. Id. at 702-703. As for the effect of these two patent errors, there is no double jeopardy bar to the defendant’s retrial after being convicted of a non-crime.[2] State v. Arita, 2001-1512, p. 8 (La.App. 4 Cir. 2/27/02), 811 So.2d 1146, 1150. The defendant’s conviction of a non-crime cannot operate as an acquittal or conviction and thus double jeopardy does not attach; therefore, the conviction and sentence in the instant case *656 are reversed and the matter is to be remanded to the trial court for a new trial.
Assignments of Error and Motion to Supplement the Record
In light of our remand, we pretermit discussion of the defendant’s three assignment of errors and the State’s Motion to Supplement the Record.

CONCLUSION

The defendant’s conviction and sentence are reversed and this matter is remanded for retrial based on the non-responsive verdict rendered by the trial court.
REVERSED AND REMANDED.

. In Mayeux, the defendant, charged with aggravated battery, was convicted of attempted aggravated battery. On appeal, the Third Circuit found that the verdict was invalid because La.C.Cr.P. art. 814(A)(14) did not list attempted aggravated battery as a responsive verdict. The court then ordered the defendant discharged, reasoning that the return of the erroneous responsive verdict constituted an acquittal on the original charge. State v. Mayeux, 485 So.2d 256 (La.App. 3 Cir.1986). When the state sought writs in the Supreme Court, that Court found that retrial of the defendant was not barred by the principal of double jeopardy because the crime for which he was convicted, attempted aggravated battery, was an unspecified crime in Louisiana and could not have the same effect as a conviction for aggravated assault, which is a specified crime even though it is not a listed responsive verdict under La.C.Cr.P. art. 814. Mayeux, 498 So.2d at 703. The Court further stated that “the fifth Amendment does not bar retrial when a jury’s verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict.... It amounted simply to conviction of a non-crime. As such, it could operate neither as a conviction nor acquittal.” Id. at 705. Subsequently, in Mayeux v. Belt, 737 F.Supp. 957 (W.D.La.1990), a habeas corpus proceeding, the court found that the defendant's retrial was barred by double jeopardy. In reaching its decision, the court relied on the jury instruction given at the first trial, which stated in part that if it was not convinced beyond a reasonable doubt that the defendant was guilty of aggravated battery, but was convinced that he was guilty of attempted aggravated battery, it should state that on the verdict form. The court reasoned that when the jury returned the verdict of attempted aggravated battery, it clearly showed that it had acquitted the defendant of aggravated battery.

. In State v. Arita, 2001-1512, p. 4 (La.App. 4 Cir. 2/27/02), 811 So.2d 1146, 1149, this *656 Court recently reviewed the jurisprudence interpreting the effect of Mayeux and Mayeux v. Belt on our state courts, including State v. Campbell, 94-1268 (La.App. 3 Cir. 5/3/95), 657 So.2d 152 and State v. Nazar, 96-0175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780. This Court in Anta held that under the Louisiana Supreme Court decision in Mayeux, and this court's decision in Nazar, attempted second degree battery is a non-crime, and the trial court’s verdict of guilty of attempted second degree battery was invalid. Consequently, this Court vacated the defendant’s conviction and sentence and remanded the case to the trial court for retrial. Following Mayeux and Nazar, this Court found that there was no double jeopardy bar to the defendant's retrial on the charge of second degree battery.