JENKINS, J.,
DISSENTS WITH REASONS
Lin light of the longstanding legal principles governing responsive verdicts, I find that Vargas-Alcerreca is an incorrect statement of the law with respect to the responsiveness of a verdict of simple kidnapping to a charge of second degree kidnapping. I respectfully dissent from the majority’s opinion, and would reverse Defendant’s convictions on five counts of simple kidnapping. Additionally, because the jury’s non-responsive verdict was an implied acquittal on the charges of second degree kidnapping, I would remand, and order the trial court to enter a post-verdict judgment of acquittal on those charges. With respect to Defendant’s convictions on counts 7 and 8 (negligent homicide), I would affirm the consecutive sentences for a term of five years imprisonment at hard labor, and the fines of $5,000.00 per count. Finally, I would grant the State's writ application, vacate the trial court’s judgment that Defendant was not a second-felony offender, and remand the matter to give the State the opportunity to re-file or amend the multiple bill of information to exclude the five counts of simple kidnapping (counts 1-5).
| State v. Graham: The Law of Lesser and Included Offenses
I begin with the well-established law governing lesser and included offenses. The Louisiana Supreme Court’s test for determining the responsiveness of a verdict for a lesser and included offense involves a comparison of the statutory elements of the offenses in question, and has been expressed as follows:
Lesser included grades of a charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged, and, thus, evidence sufficient to support conviction of the greater offense will necessarily support conviction of the lesser and included offense.
State v. Johnson, 01-0006, p. 4 (La. 5/31/02), 823 So.2d 917, 921 (emphasis added); State v. Graham, 14-1801, pp. 5-6 (La. 10/14/15), 180 So.3d 271, 275.
For decades, the Supreme Court has also expressed the “essential elements” test as whether the definition of the greater offense “necessarily includes” all the elements of the lesser offense. State v. Simmons, 422 So.2d 138, 142 (La. 1982); State v. Robertson, 06-1537, p. 7 (La. 1/16/08), 988 So.2d 166, 171; State v. Booker, 385 So.2d 1186, 1190 (La. 1980).[1] See *1037 also State v. Jackson, 04-2863, p. 12 (La. 11/29/05), 916 So.2d 1015, 1022 n.12 (lesser and included offense is “necessarily required in every case of greater offense”). Thus, “[i]f the greater offense could be committed without commission of the lesser offense, then a verdict for the lesser offense cannot be responsive.” State v. Mosley, 485 So.2d 658, 660 (La.App. 4 Cir. 1986); State v. Maxwell, 11-0564, p. 30 (La.App. 4 Cir. 12/21/11), 83 So.3d 113, 131.
In 2015, the Louisiana Supreme Court in State v. Graham confirmed that the pertinent (and longstanding) inquiry is as follows: “If any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser offense cannot be responsive.” Graham, 14-1801, p. 5, 180 So.3d at 275 (citing Simmons, 422 So.2d at 142 (quoting State v. Poe, 214 La. 606, 38 So.2d 359, 363 (1948)). See also State v. Wilson, 12-1765, p. 28 (La.App. 4 Cir. 2/12/14), 138 So.3d 661, 680; State v. Ennis, 11-0976, p. 11 (La. App. 4 Cir. 7/5/12), 97 So.3d 575, 582; State v. Maxwell, 11-0564, p. 28 (La.App. 4 Cir. 12/21/11), 83 So.3d 113, 130; State v. Simmons, 01-0293, p. 4 (La. 5/14/02), 817 So.2d 16, 19; State v. Lynch, 97-2426 La. App. 4 Cir. 2/3/99, 729 So.2d 12, 13; State v. Dauzat, 392 So.2d 393, 395 n.2 (La. 1980).
At this point, I must emphasize that Graham is significant in this case solely because it sets forth the well-established rule of law that governs lesser and included offenses. Contrary to the majority and concurring opinions, it is irrelevant whether Graham is “factually distinguishable,” “distinctive,” or presents a “unique set of circumstances” and/or an “unusual procedural posture.”
The offenses of second degree kidnapping and simple kidnapping certainly can have an element in common, i.e., both can involve the “forcible seizing and carrying of any person from one place to another.” See La. R.S. 14:44.1(B)(1); La. R.S. 14:45(A)(1). The pertinent inquiry, however, does not end there. Graham dictates that courts examine whether “any reasonable state of facts can be imagined” (i.e., any “reasonable scenario”) in which the greater offense of second degree kidnapping could be committed without perpetration of the lesser offense of simple kidnapping. Graham, 14-1801, p, 6, 180 So.3d at 275.
Reasonable Scenarios
As noted by the majority opinion, there are 15 ways a defendant can commit the offense of second degree kidnapping, each with separate elements. In five of those instances, a defendant can commit second degree kidnapping by “imprisoning” or “forcibly] secreting” any person when the victim is one of the types listed in La. R.S. 14:44.1(A). See La. R.S. 14:44.1(B)(3) and (A)(l)-(5),
The offense of simple kidnapping, however, does not include the element of “imprisoning” or “forcibl[y] secreting” a person. See La. R.S. 14:45(A). Because second degree kidnapping can be committed in “numerous ways,” only some of which would also constitute simple kidnapping, the evidence sufficient to support a 14conviction of second degree kidnapping may not “necessarily support” a conviction of simple kidnapping. Graham, 14-1801, p. 6, 180 So.3d at 275. Thus, because the greater offense of second degree kidnapping “could possibly be committed without perpetration of the lesser offense,” simple kidnapping “is not truly a lesser and included offense,” Simmons, 422 So.2d at *1038 143.1 find, therefore, that Vargas-Alcerre-ca cannot stand.
Statutory Elements Test
I disagree with any contention that the inquiry regarding lesser and included offenses should be driven by reference to conduct proved at trial. As discussed above, the “lesser and included offense” test in Louisiana is whether the essential elements of the lesser offense are “necessarily included” in the elements of the greater offense charged. This test requires a comparison between offenses. Because offenses are statutorily defined, I find that this comparison is properly conducted only by reference to the statutory elements of the offenses in question, and not by reference to conduct proved at trial. See Schmuck v. United States, 489 U.S. 705, 720, 109 S.Ct. 1443, 1453, 103 L.Ed.2d 734 (1989) (adopting “statutory elements” test, which calls for an objective, textual comparison of criminal statutes, and “does not depend on inferences that may be drawn from evidence introduced at trial”).[2] See State v. Johnson, 01-0006, p. 4 (La. 5/31/02), 823 So.2d 917, 920-21 (citing the Schmuck statutory “elements” test). As stated in Schmuck, “the elements approach permits both sides to know in advance what jury instructions will be available and to plan their trial strategies accordingly.” Id. Moreover, “the objective elements approach ... promotes judicial economy by providing a clearer rule of decision” and by permitting appellate courts to assess jury instructions “without reviewing the entire evidentiary record for nuances of inference.” Schmuck, 489 U.S. at 720-21, 109 S.Ct. at 1453. Most importantly, I find that the objective elements test is |5compeIled by the due process “right of the defendant to [have] notice of the charge brought against him.” Schmuck, 489 U.S. at 718, 109 S.Ct. at 1451.

State v. Porter

The majority opinion asserts that “the Louisiana Supreme Court and other appellate courts have reached, at least implicitly, the same conclusion” as Vargas-Alcerreca. The majority cites State v. Porter, 93-1106 (La. 7/5/94), 639 So.2d 1137 (which was cited in Vargas-Alcerreca), and which, according to the majority, “tacitly endorsed” the Vargas-Alcerreca court’s holding that simple kidnapping is a valid responsive verdict to a charge of second degree kidnapping.
In Vargas-Alcerreca, the court relied on the statement in Porter that summarily “affirm[ed] the simple kidnapping conviction, concluding that the court of appeal correctly decided the assignments of error pertaining to that conviction.” Vargas-Alcerreca, 12-1070, p. 21, 126 So.3d at 582 (citing Porter, 93-1106, pp. 3-4, 639 So.2d at 1140). However, as acknowledged in footnote 3 of the majority opinion, the Porter court “did not address the issue specifically [the responsiveness of a simple kidnapping conviction], but found the State presented sufficient evidence to support the simple kidnapping conviction.” In Porter, the sole assignment of error relating to the simple kidnapping conviction was the sufficiency of the evidence. See State v. Porter, 615 So.2d 507, 513-14 (La. App. 3d Cir. 1993). The responsiveness of the verdict of simple kidnapping was never raised as an assignment of error; the court only addressed the trial court’s exclusion of the legislatively authorized responsive verdicts of simple rape and attempted simple rape to a charge of aggravated rape under La. C.Cr.P. Art. 814. Porter, 93-1106, p. 5, 639 So.2d at 1140 n.6. Accordingly, I do not find that the Porter court “implicitly” *1039 reached the same conclusion as Vargas-Alcerreea.
Likewise, in the other case cited by the majority opinion, State v. Tapps, 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, the Fifth Circuit did not address the issue of whether simple kidnapping was a responsive verdict to the charged | f,offense of second degree kidnapping, but instead limited its review to the sufficiency of the evidence.
In sum, neither Porter nor Tapps supports the Vargas-Alcerreea decision.
“Logical Dissonance”
The majority also concludes that a finding that simple kidnapping is not a responsive verdict to second degree kidnapping “presents a troubling logical dissonance” because the legislature has authorized both simple kidnapping and second degree kidnapping as responsive verdicts to aggravated kidnapping under La. C.Cr.P. Art. 814(18). I agree with this court in State v. King, 00-0618 (La.App. 4 Cir. 3/7/01), 782 So.2d 654, that, in enacting Article 814, “the legislature had an opportunity to ... enact a statute relative to a lesser included offense” of simple kidnapping, “and they chose not to include such an offense. Therefore, this Court will not read a lesser included offense into the statute.” Id., 00-0618,p. 6, 782 So.2d at 659.

State ex rel. Elaire v. Blackburn

The majority states that its decision to uphold Vargas-Alcerreea is “consistent with the spirit of the long-standing rule set forth by the Louisiana Supreme Court in State ex rel. Elaire v. Blackburn.” In Elaire, the court declared that “at least when the defendant fails to interpose a timely objection to a legislatively responsive verdict, this court will not reverse the conviction if the jury returns such a verdict, whether or not that verdict is sufficient to support the offense charged.” State ex rel. Elaire v. Blackburn, 424 So.2d 246, 252 (La. 1982) (emphasis added). The majority opinion speculates, without any analysis, that the “‘at least’ language in Elaire ... suggests that the Supreme Court contemplated situations such as the instant one in which it might uphold a responsive verdict not specifically authorized by the legislature (and not necessarily a lesser included offense in all circumstances) when the defendant does not object.”
|7In State v. Porter, supra, the Supreme Court discussed the scope and rationale of Elaire, which specifically addressed the sufficiency-of-the-evidence problem posed by the legislatively authorized verdicts listed in La. C.Cr.P. Art. 814:
[Bjecause Article 814 contains authorized responsive verdicts which are not truly lesser and included offenses, evidence which is sufficient to support a conviction of the charged offense may not support all of the elements of the responsive offense.
Porter, 93-1106, pp. 5-6, 639 So.2d at 1141.
The Porter court continued:
As long as an authorized responsive verdict is a lesser and included grade of the charged offense and the evidence is sufficient to support a verdict of guilty of the charged offense, there is no problem with sufficiency of the evidence for the responsive verdict.
Porter, 93-1106, p. 8, 639 So.2d at 1142 (emphasis added).[3]
*1040 I find that the Elaire decision addressed a very specific problem associated with the sufficiency of the evidence in legislatively authorized responsive verdicts. I do not agree with the majority that the “spirit” of the Elaire decision requires its application to this case, which is not governed by La. C.Cr.P. Art. 814,[4]
| ^Contemporaneous Objection Under La. C.Cr.P. Art. 841
It is well-established that a non-responsive verdict is “error patent on the face of the record and therefore reviewable on appeal despite absence of an objection during trial.” State v. Turnbull, 377 So.2d 72, 75 (La. 1979); State v. Mayeux, 498 So.2d 701, 703 (La. 1986); State v. Campbell, 95-1409, p. 3 (La. 3/22/96), 670 So.2d 1212, 1213 (although defendants “acquiesced in the list of responsive verdicts given jurors by the trial judge,” the jury’s “return of the unresponsive verdicts ... constitutes an error patent on the face of the record”); State v. Hatcher, 02-0633, p. 5 (La.App. 4 Cir. 9/18/02), 828 So.2d 653, 656 (“[A] non-responsive verdict is a patent error and does not require a contemporaneous objection.”); State v. Jones, 13-1118, p. 6 (La. App. 4 Cir. 1/30/14), 156 So.3d 126, 129 (same).
Despite this longstanding principle, the majority concludes that Defendant cannot challenge the responsive verdict because he did not make a contemporaneous objection when the trial court instructed the jury that simple kidnapping was a responsive verdict to the charged offense of second degree kidnapping, citing La. C.Cr.P, Art. 841 (“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”).
If a trial court gives an erroneous jury instruction on responsive verdicts to which no objection was made, but the defendant is convicted as charged or convicted of a valid responsive verdict, then plainly there would be no reversible error. See State v. Foret, 479 So.2d 526, 527 (La. App. 1 Cir. 1985). That is not the case here. Defendant’s conviction was based on a jury instruction that resulted in an invalid non-responsive verdict. Although the Supreme Court has held that “absent an objection, deficiencies in the responsive verdicts cannot be availed of upon appeal, in those cases the error existed only in the list of possible verdicts submitted to the jury and not in the actual verdict returned by the jury.” State v. Thibodeaux, 380 So.2d 59, 61 (La. 1980) (emphasis added).
| qTIius, I disagree with the majority’s conclusion that Defendant was required to make a contemporaneous objection in order to challenge the validity of the jury’s verdict on appeal.
Double Jeopardy
In Graham, the Supreme Court held that “the jury's return of what it was instructed was a lesser responsive verdict” (even though it was not a valid responsive verdict), was an “implied acquittal” of the charged offense, “which ended the defendant’s jeopardy and [was] a bar to a subsequent prosecution.” Graham, 14-1801, p. 11, 180 So.3d at 278. Accordingly, the Graham court remanded the matter, and instructed the trial court to enter a post-verdict judgment of acquittal. Id.
*1041 Because this court is bound by Graham, I find that the jury’s return of a verdict of simple kidnapping was an implied acquittal on the charges of second degree kidnapping, which ended Defendant’s jeopardy and is a bar to a second trial on those charges. Accordingly, I would remand this matter, and instruct the trial court to enter a post-verdict judgment of acquittal of those charges.

. This court applied this "elements" test in State v. Rideau, 05-0462 (La.App. 4 Cir. *1037 12/6/06), 947 So.2d 127; and State v. Lynch, 97-2426 (La.App. 4 Cir. 2/3/99), 729 So.2d 12.

. The Schmuck court addressed Fed. R. Cr. P. 31(c), which states that a defendant may be found guilty of "an offense necessarily included in the offense charged." (Emphasis added.)

. In response to Elaire, the legislature amended La. C.Cr.P. Art. 814(C), which now states:
Upon motion of the state or the defendant, or on its own motion, the court shall ex-elude a responsive verdict listed in Paragraph A [legislatively authorized verdicts] if, after all the evidence has been submitted, the evidence, viewed in a light most favor *1040 able to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
See Porter, 93-1106, p, 6, 639 So.2d at 1142.

. The two other cases cited by the majority, State v. Black, 09-1664 (La.App, 4 Cir. 6/17/10), 41 So.3d 1243; and State in the Interest of A.V., 94-0042 (La. App, 4 Cir. 5/26/94), 637 So.2d 1243, both involve legislatively authorized responsive verdicts under Article 814, which are governed by La. C.Cr.P. Art. 814(C) and Elaire.